UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOSE VENTURA, )<br>)<br>Defendant. )<br>) | Case No. 19-cr-10336-WGY |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, through its attorneys, Acting United States Attorney Nathaniel R. Mendell and Assistant United States Attorney Lindsey Weinstein, hereby submits its Sentencing Memorandum for the defendant Jose Ventura (hereinafter, "Ventura"). Given the nature and characteristics of Ventura's offenses, his history and characteristics, and the factors set forth in 18 U.S.C. § 3553(a)(2), a split sentence of two months' imprisonment (deemed served) and five months of home detention, to be followed by 60 months of supervised release is the minimum sentence sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553.[1]

I.  Factual Background

On November 26, 2019, the defendant pleaded guilty to a one-count Indictment charging him with distribution of and possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The uncontested facts are set forth in the Presentence Report ("PSR") prepared by the United States Probation Department. *See* PSR ¶¶ 8-17. In sum, on July 16, 2019 in Lawrence, Massachusetts, law enforcement observed the defendant engage in a street-level drug transaction. Agents approached the alleged buyer and seized two half-fingers (approximately ten

---

[1] The government further recommends this Court impose the order of forfeiture and mandatory $100 special assessment.

grams) of fentanyl from him that were recently purchased from Ventura. Agents then approached Ventura who threw five one-gram bags of fentanyl on the ground.  Ventura's arrest and subsequent prosecution were part of a larger law enforcement initiative during the summer of 2019 designed to target individuals like the defendant selling drugs openly in communities throughout the Merrimack Valley area, including Lawrence.[2]

II. Application of Guidelines Calculation

Probation calculated the advisory guidelines sentencing range ("GSR") at 15-21 months. The government agrees with Probation that the defendant's Criminal History Category is II. PSR ¶¶ 43-46.  For the reasons set forth in the PSR, Ventura's base offense level is 16 because he is responsible for at least 8 grams, but less than 16 grams of fentanyl, specifically 14.84 grams. USSG §2D1.1(c)(12). As set forth in the PSR, Ventura should receive a three-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1. While the 2018 Sentencing Guidelines Manual has not been amended pursuant to the First Step Act, the government contends that Ventura satisfied the criteria of 1 through 4 of 18 U.S.C.§§ 3553(f) (1)-(5). Therefore, while Ventura indeed has more than one criminal history point, in recognition of the First Step Act, the government recommends that Ventura should receive a further two-level downward adjustment. This would warrant a Total Offense Level of 11.  With a Criminal History Category of II and Total Offense Level of 11, the sentencing range for Mr. Ventura should be 10 to 16 months.

III. 18 U.S.C. §3553(a)

Consideration of the factors set forth in 18 U.S.C. § 3553(a) counsels in favor of a below-guidelines sentence. The government recognizes Ventura's substantial work in the RISE program

---

[2] *See* MERRIMACK VALLEY OPERATION RESULTS IN ARREST OF 40 INDIVIDUALS, available at https://www.justice.gov/usao-ma/pr/merrimack-valley-operation-results-arrest-40-individuals.

prior to his relapse this winter and his more recent efforts towards recovery and sobriety over the last several months. That said, the seriousness of the object of Ventura's crime – fentanyl – cannot be overstated. Fentanyl is an extremely potent and dangerous drug: It is a synthetic opioid and a primary driver behind the ongoing opioid crisis, with the drug involved in more deaths than any other illicit drug.[3] According to the National Institute on Drug Abuse's 2018 data, 128 people in the United States die every day after overdosing on opioids.[4] Massachusetts is among the top states with the highest rates of fentanyl-related overdose deaths. In 2019, that is, the year of Ventura's arrest for distribution and possession with intent to distribute fentanyl, Massachusetts had at least 1,952 opioid-related overdose deaths.[5] Among the 1,873 opioid–related deaths in 2019 where a toxicology screen was available, 1,752 (94%) of them had a positive result for fentanyl.[6] Ventura's blatant sale of fentanyl on the streets of Lawrence showed a disregard for public safety and cannot be condoned.

Indeed, Ventura's inability to control his behaviors while under the influence and desire to financially support his own addictions places himself and members of his community in danger. His criminal history reflects a history of driving under the influence of drugs or alcohol. As for the instant offense, he sold fentanyl to end-users to make money to support his own drug

---

[3] U.S. Department of Justice Drug Enforcement Administration, *2019 National Drug Threat Assessment*, available at https://www.dea.gov/sites/default/files/2020-01/2019-NDTA-final-01-14-2020_Low_Web-DIR-007-20_2019.pdf, at 9, 13 (last visited June 4, 2021) (hereinafter "DEA 2019 Assessment").

[4] National Institute on Drug Abuse, *Opioid Overdose Crisis* (Revised January 2019), available at https://www.drugabuse.gov/drugs-abuse/opioids/opioid-overdose-crisis (last visited June 4, 2021).

[5] DEA 2019 Assessment at 17-18; Massachusetts Department of Public Health, *Data Brief: Opioid-Related Overdose Deaths Among Massachusetts Residents* (June 2020), available at https://www.mass.gov/doc/opioid-related-overdose-deaths-among-ma-residents-june-2020/download (last visited June 4, 2021).

[6] *Id.* at 2.

and alcohol habits. That said, Ventura's PSR makes crystal clear that the primary driver of his criminal behavior is his own drug and alcohol dependency. During the last year and a half on release pending sentencing, Ventura has made noticeable strides to address these addictions. But along the way, he cheated on a drug test and withdrew from the RISE program after a relapse. These behaviors concern the government. His conduct in more recent months, including completion of a lengthy inpatient program, maintaining employment and sobriety, and enrollment in additional recovery programs shows that he is on the right path towards recovery.

      Mindful of this, a guidelines sentence, and its corresponding period of additional incarceration, would not only be unnecessarily punitive, but, perhaps more significantly, would unravel Ventura's work towards removing his vices from his life and becoming a productive member of society. Ventura should still be held accountable for his actions and an additional period of home detention, to be followed by supervised release, will permit just that.

IV.     Conclusion

For the reasons set forth above, the Government recommends a split sentence of two months (deemed served) and five months of home detention to be followed by three years of supervised release along with an order of forfeiture and a $100 special assessment. This sentence would appropriately reflect the seriousness of the crime, promote respect for the law, and justly punish the defendant. 18 U.S.C. § 3553(a)(2)(A). This sentence also will help to deter others from committing these types of crimes, 18 U.S.C. § 3553(a)(2)(B), while also reassuring the people of Lawrence that open-air drug dealing in their neighborhoods will not be overlooked.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:     */s/ Lindsey E. Weinstein*
        Lindsey E. Weinstein
        Assistant U.S. Attorney

June 4, 2021

CERTIFICATE OF SERVICE

I hereby certify that this document was filed on today's date through the ECF system, which will provide electronic notice to counsel as identified on the notice of Electronic Filing.

*/s/ Lindsey E. Weinstein*
LINDSEY E. WEINSTEIN
Assistant U.S. Attorney